CLARISSA DINGS, RESPONDENT, v. DE WITT PARSHALL,
AND WILLIAM WILLIAMS, APPELLANTS.

*Mortgage — right of second mortgagee to redeem — Subrogation — Injunction.*

A junior mortgagee has the right to redeem premises from the lien of a senior
mortgage, either by payment or tender of the amount due. There is no dis-
tinction between the effect of a tender by a mortgagor and one by a subsequent
incumbrancer.*

Where a junior incumbrancer has paid the debt of the prior incumbrancer he is
entitled to be subrogated to the prior liens, and is also entitled to all securities
held by the prior incumbrancer.

THIS is an appeal by defendants from an order made at the
Onondaga Special Term, denying a motion to dissolve an injunction.

In June, 1870, Mrs. Wolverton and her husband gave to Lewis
and Reuben Harper a bond and mortgage on certain land in Galen,
Wayne county, to secure the payment of $2,397.53. *This mort-
gage was recorded December* 22, 1870. The bond and mortgage
came through mesne assignments to the plaintiff, who is the owner.

In March, 1870, Mrs. Wolverton and her husband gave a bond, and
to secure the payment of the same, gave also a mortgage, on the same
lands that are described in the mortgage above mentioned, to the
Mutual Life Insurance Company, to secure the payment of the sum
of $4,000 and interest. *This mortgage was recorded March* 18, 1870.

The bond and mortgage came by assignment to the defendant
Parshall, who proceeded to foreclose the same by action in this
court, making plaintiff and her husband, as subsequent mortgagees,
parties defendants.

A judgment of foreclosure was taken by default in June, 1875.
Said premises were advertised to be sold, by virtue of said judg-
ment of foreclosure, on the 31st July, 1875.

It is alleged by the plaintiff that she attended at the time and
place of sale to bid upon said premises, and requested the referee
to proceed and sell said premises, which he refused to do, acting
under the directions of said Parshall.

She then tendered to said Parshall and his attorney the full
amount due on the judgment, together with the costs of the action,

* See case of *Bloomingdale* v. *Barnard*, ante, p. 460. — [REP.

and requested an assignment of his interest under said judgment, which offer and request were refused.

The plaintiff then requested Parshall and his attorney to proceed and sell said premises, she offering to bid the amount due on the judgment and costs of the action. This also was refused, and the referee appointed to make the sale announced that said P. would let the sale go down, and it was permitted to go down. The tender made as aforesaid has been kept good; the said P. and his attorney were notified that the money would be placed in the bank for said P., and it was so left.

When the premises were advertised for sale there were crops growing thereon of the value of several hundred dollars. The premises and the crops were not an adequate security for the amount due on both the judgments and the plaintiff's mortgage, by several hundred dollars, and without the crops, not security by a much larger sum.

By reason of the refusal of P. to sell, when requested, the crops have been lost, and plaintiff has sustained damage to the amount of $1,000.

After the tender, Parshall claims to have transferred said judgment to William Williams, who claims to own the same.

The plaintiff has brought an action against said Parshall and Williams, and in her complaint sets out the matters aforesaid, and demanded judgment that the transfer to Williams be declared fraudulent and void, and that she be permitted to redeem and be declared the owner of said bond, mortgage and judgment, and that she recover of Parshall the damages she has sustained, to the amount of $1,000.

Parshall, in his answer, admits most of the facts alleged in the complaint; denies, among other things, fraud, and alleges that he assigned the judgment, etc., to Williams on the 31st July, 1875.

Williams denies nearly all the allegations in the complaint, and sets up the assignment to him by Parshall, and claims it was made without any fraudulent intent, and alleges that although plaintiff knew of the assignment, no tender to him has been made.

The plaintiff procured an injunction restraining the defendants, from selling, transferring, or in any manner disposing of or interfering with the judgment of foreclosure and sale hereinbefore men-

tioned, and also the bond and mortgage on which the judgment is founded, and from selling said premises until further order.

The defendant made a motion, upon the affidavits of both defendants, to dissolve said injunction. Parshall, in his affidavit, alleges his sale of the judgment to Williams to have been in good faith, and that he has had no interest in it since it was assigned in July, 1875; and that the charges in the complaint, of fraud, are untrue.

Williams, in his affidavit, alleges the purchase of the judgment, as stated in his answer to have been in good faith, and without any notice of the facts alleged in plaintiff's complaint; that he made the purchase to get a higher rate of interest for his money than he could get from a bank; that he had no intention to cheat any person in respect to said judgment.

The motion to dissolve the injunction was denied without costs.

*T. W. Collins*, for the appellants.

*George K. Collins*, for the respondent.

MULLIN, P. J.:

The plaintiff being a junior mortgagee of the premises in question, had the right to redeem them from the lien of the senior mortgage held by Parshall. (2 Story Eq. Jur., 291; 1 Hilliard on Mortgages, 323.)

To entitle a subsequent mortgagee to redeem from a senior mortgage, he must pay the amount due on such prior mortgage and the costs of the foreclosure. (1 Hilliard on Mortgages, 397.)

The tender of the amount due on a mortgage before sale by a junior incumbrancer for the purposes of redemption, is equivalent to actual payment if properly made, and the money tendered is set apart, and kept for the prior mortgagee. (*Edwards* v. *Farmers' Fire Insurance and L. Co.*, 21 Wend., 467; *Stoddard* v. *Hart*, 23 N. Y., 556.) No distinction is perceived as to the effect of a tender, between that of a mortgagor to a mortgagee, and of a subsequent incumbrancer to the same party to redeem. In each case the effect is to discharge the lien of the mortgage on the mortgaged premises, and if tender discharges the lien in one case, it ought to have the same effect in another.

Where the junior incumbrancer has paid the debt of the prior incumbrancer, he is entitled to be subrogated to the prior liens and all securities held by the prior incumbrancer, as security for his debt. (*Ellsworth* v. *Lockwood*, 42 N. Y., 89–96.)

He is subrogated by law. A surety who pays the debt of his principal is entitled to subrogation in equity, and to an assignment of the securities held by the creditor.

When, therefore, a second mortgagee pays to the first mortgagee his debt, although the first mortgage is thereby satisfied, the second mortgagee is entitled to hold the premises as security for the amount paid on the first mortgage. (*Ellsworth* v. *Lockwood*, *supra*, 96.)

If I am right in holding that the tender to Parshall, before his assignment to Williams, put an end to his lien on the premises, then nothing passed by his assignment to Williams; he had nothing to assign.

The plaintiff had the right to protect her interest in the property by injunction, as a sale upon the judgment might cast a cloud upon her title and subject her to litigation to remove it.

The order must be affirmed with ten dollars costs, to be paid by defendant Williams.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Order of Special Term affirmed, with ten dollars costs and disbursements.